IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-217-FL

| | | |
|---|---|---|
| STEVEN WILLIAM FERRELL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FMR, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (DE 24). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), (DE 30), wherein it is recommended that the court grant the motion and dismiss plaintiff's claims. Plaintiff filed objections to the M&R, and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, except as set forth herein, and dismisses plaintiff's claims without prejudice.

## BACKGROUND

The court incorporates herein by reference the background of this case set forth in the M&R, while summarizing below key procedural facts as pertinent to the court's discussion herein. In plaintiff's amended complaint, plaintiff asserts employment discrimination claims against defendant, his former employer, for (1) age discrimination based upon termination, (2) age discrimination based upon failure to rehire, and (3) retaliation for unspecified conduct, in violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff seeks back pay, reinstatement, punitive

damages, jury trial, and such other relief as may be appropriate.

Defendant seeks dismissal of plaintiff's claims of failure to rehire and retaliation, for lack of subject matter jurisdiction under Rule 12(b)(1), because plaintiff fails to include any allegations related to these claims in his Equal Employment Opportunity Commission ("EEOC") charge of discrimination. In support of dismissal, defendant relies upon plaintiff's EEOC charge. Defendant seeks dismissal of plaintiff's termination claim for failure to state a claim under Rule 12(b)(6), because plaintiff failed to file his EEOC charge within 180 days of the date plaintiff was notified of his termination. In opposition to the motion to dismiss, plaintiff relies upon his declaration.

The M&R recommends dismissal without prejudice of plaintiff's claims of failure to rehire and retaliation, and it recommends dismissal with prejudice of plaintiff's termination claim, on the grounds asserted by defendant. Plaintiff filed objections on February 11, 2019. Defendant responded on February 20, 2019.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

In his objections, plaintiff challenges the determination in the M&R that plaintiff's termination claim is time barred and not subject to equitable tolling. The M&R cogently addressed the deficiencies in plaintiff's termination claim. Accordingly, upon de novo review, the court adopts the analysis in the M&R as to the basis for dismissal of this claim.[1] The court writes separately to

---

[1] Plaintiff does not raise specific objection to the determination in the M&R that plaintiff's claims for age discrimination based upon failure to hire and retaliation must be dismissed for lack of subject matter jurisdiction.(See M&R at 2-8). Upon careful review of the record and the M&R, finding the analysis in the M&R correct, the court adopts the recommendation to dismiss these claims without prejudice due to failure to exhaust.

3

address the arguments raised in plaintiff's objections, and to address whether dismissal should be with or without prejudice.

1.      Time bar

In his objections, plaintiff argues that his termination claim is timely because he received "official notification (email) that [his] Contract was not being renewed about the third week of August," (Obj. (DE 31) at 2), which is within 180 days of filing of his EEOC charge on February 13, 2018. In plaintiff's complaint, however, plaintiff alleges that he received notice that his contract was not being renewed "[o]n or around August 1st 2017," (Compl. p. 3),[2] which is more than 180 days prior to filing of his EEOC charge. In particular, plaintiff alleges that on that date he "received a call from Kathryn Carr (HR) advising [him] that [his] contract was not being renewed and [his] last day would be 09/29/17 ([his] contract renewal date was October 31)." (Id.).

As a prerequisite to an action under the ADEA, a charge of discrimination must be filed "within 180 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(1). "[T]he filing period runs from the time at which the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition." Price v. Litton Bus. Sys., Inc., 694 F.2d 963, 965 (4th Cir. 1982).

Plaintiff suggests that the date of his "official notification" in writing of his termination controls the running of the filing period, rather than an earlier alleged date on which he was told by telephone of his termination. The law does not support plaintiff's suggestion. Rather, in the context of a claim based upon discriminatory termination, the critical date for the running of the filing period is the date that the plaintiff "<u>was told</u> he would be relieved of his position," Price, 694 F.2d at 965

---

[2] All references to the complaint or "Compl." herein, unless otherwise specified, are to plaintiff's amended complaint filed July 18, 2018 (DE 14).

4

(emphasis added), or was "<u>informed</u> . . . that his discharge . . . was imminent." Martin v. Sw. Virginia Gas Co., 135 F.3d 307, 310 (4th Cir. 1998) (emphasis added). There is no requirement that notice be in writing, but rather only that the "employee receives unequivocal notice of termination" or "definite notice of the challenged employment decision." Id. (citation omitted). Here, whether received by telephone or in writing, the notice plaintiff allegedly received was the same: that his "contract was not being renewed." (Compl. p. 3; see Obj. p. 2).

On the basis of facts alleged, plaintiff received unequivocal notice of termination on or about August 1, 2017, more than 180 days prior to the filing of the EEOC charge. Accordingly, plaintiff's termination claim is time barred.

2. Equitable tolling

Plaintiff next argues that he is entitled to equitable tolling. In support of this contention, plaintiff asserts in his objections that defendant "delayed any Compliant [sic] to the EEOC by three or four months by leading me on to a promise of a job." (Obj. p. 2). Equitable tolling, however, is a "narrow limitations exception" that is to be applied sparingly. Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir.1990) (en banc). An employee's failure to file timely an EEOC charge must be "the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay." Price, 694 F.2d at 965.

Critically, an employer's "attempt to mitigate the harshness of a decision terminating an employee, without more, cannot give rise to" an equitable tolling claim. Id. "An employee's hope for rehire, transfer, promotion, or a continuing employment relationship . . . cannot toll the statute absent some employer conduct likely to mislead an employee into sleeping on his rights." Id. at 965-66. Thus, plaintiff's assertion that defendant led plaintiff "on to a promise of a job," (Obj. p.

5

2), is not sufficient to support a claim of equitable tolling. Moreover, plaintiff's allegation in the complaint that he "was told that the company recruiters were <u>looking for a position</u> for [him]," is not sufficient to give rise to an inference that defendant promised him a job or undertook steps deliberately to cause plaintiff to delay filing an EEOC charge after giving him notice of termination.

In sum, plaintiff has not pleaded facts sufficient to permit an inference of equitable tolling. Therefore, his termination claim must be dismissed as time barred.

3. Dismissal without prejudice

In the M&R, the magistrate judge recommended dismissal of plaintiff's termination claim with prejudice. However, "unless the grounds for dismissal clearly indicate that no amendment in the complaint could cure the defects in the plaintiff's case," then dismissal without prejudice is required with opportunity for plaintiff to seek leave to amend. See <u>Goode v. Cent. Virginia Legal Aid Soc'y, Inc.</u>, 807 F.3d 619, 623 (4th Cir. 2015); see, e.g., <u>Hancock v. Americo Fin. Life & Annuity Ins. Co.</u>, 723 F. App'x 241, 242 (4th Cir. 2018) (dismissing appeal and remanding case for amendment of complaint).

Here, plaintiff's termination claim must be dismissed without prejudice due to failure to plead sufficient facts supporting plaintiff's claim. As such, plaintiff must be given an opportunity to amend the complaint or to "stand on the complaint" as the circumstances may dictate, with respect to this termination claim. <u>Goode</u>, 807 F.3d at 629. Dismissal of plaintiff's failure to hire and retaliation claims also is without prejudice, although due to lack of subject matter jurisdiction, and not to failure to plead sufficient facts supporting the claim. See <u>S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC</u>, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice,

because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

Accordingly, in the event plaintiff seeks another opportunity to plead facts supporting his termination claim, he must, within **21 days** of the date of this order, file a motion for leave to amend the complaint, accompanied by a proposed amended complaint. In the event plaintiff does not seek leave to amend in this manner in the time period specified, the clerk without further order of this court shall enter judgment closing the case based upon this order.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R except as set forth herein, and the court GRANTS defendant's motion to dismiss (DE 24). Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff is allowed **21 days** from the date of this order to file a motion for leave to amend complaint, in accordance with the requirements set forth herein. In the event plaintiff does not seek leave to amend in this manner in the time period specified, the clerk without further order of this court shall enter judgment closing the case based upon this order.

SO ORDERED, this the 12th day of April, 2019.

*Louise V. Flanagan*
LOUISE W. FLANAGAN
United States District Judge